Dura **STANOVIC**, Lezia
Stanovic Petitioner,

v.

Alberto R. **GONZALES**,[1] Attorney
General, Respondent.

No. 04–3639–AG.

United States Court of Appeals,
Second Circuit.

Feb. 2, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Linda C. Flanagan, New York, New York, for Petitioner.

Colm F. Connolly, United States Attorney, Ellen W. Slights, Assistant United States Attorney, Wilmington, Delaware, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. DENNIS JACOBS, and Hon. RICHARD C. WESLEY, Circuit Judges.

Gonzales is automatically substituted for former Attorney General John Ashcroft as a re-

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Dura Stanovic and Lezia Stanovic through counsel, petition for review of a BIA decision affirming the immigration judge's ("IJ") decision denying their applications for asylum and withholding of deportation. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

The BIA agreed with the IJ that the record demonstrated "that circumstances in Serbia and Montenegro have changed to such an extent that [Dura Stanovic] no longer has a well-founded fear of persecution in that country." The BIA also found that, "dramatic changes have taken place since [the Stanovics] left their country in 1992 ... the government has changed, with former president Milosevic being put on trial, a relative peace has been established and a general amnesty has issued for those who had previously avoided the draft."

It was proper for the agency to consider the reports submitted by the Immigration

spondent in this case.

and Naturalization Service and to base its finding on a comparison between these reports and the other evidence in the record. *See Yan Chen v. Gonzales,* 417 F.3d 268, 274–75 (2d Cir.2005). In this case, Stanovic submitted no documentary evidence of country conditions during his 2002 merit hearing, and he testified in that hearing that his only fear in returning to Montenegro was that he would be considered a traitor and possibly would be killed for having evaded the military draft in the former Yugoslavia. The agency's determination that conditions in Serbia and Montenegro since Stanovic left that country have changed to such an extent that he no longer has a well-founded fear of persecution based on his evasion of the draft, is supported by substantial evidence in the record. The 2001 U.S. Department of State Country Report on Human Rights Practices—Yugoslavia, states that "[i]n February (2001) the Yugoslav Government passed a law that granted amnesty to conscientious objectors and draft evaders who refused to take up arms from April 27, 1992, to October 7, 2000." The report further states that "conscientious objectors and persons who evaded the draft from April 27, 1992 to October 7, 2000 were able to travel freely without fear of arrest under [the] February amnesty law. Many have returned to the country." The report explains that "[t]he government generally respected the human rights of its citizens in many areas and its overall human rights record improved significantly over that of the Milosevic regime ... [and] the Serbian Government transferred indicted war criminal Slobodan Milosevic and several other indictees to the International Criminal Tribunal for the former Yugoslavia."

As asylum and withholding of deportation "are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding." *Zhou Yun Zhang,* 386 F.3d at 71.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).